# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE THOMAS**, | : | CIVIL ACTION NO. 1:10-CV-1639 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **MR. LT. MCCOY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

Robbie Thomas ("Thomas" or "plaintiff"), a Pennsylvania state inmate incarcerated at the State Correctional Institution at Mahanoy, Frackville, Pennsylvania, commenced this civil rights action on August 6, 2010, naming as defendants the following individuals: Mr. Lt. McCoy of R.H.U. ("McCoy"); Ms. Connie Green ("Green"); Mr. Lawler ("Lawler"); Ms. Jackson of Medical Records ("Jackson"); Deputy Corbin ("Corbin"); Major Wakefield ("Wakefield"); Mr. Mitchell ("Mitchell"); Supt. John Kerestes ("Kerestes"); Mr. Nevis, Inmates Account ("Nevis"); and Cpt. Gavin ("Gavin"). He alleges that while he was housed at the State Correctional Institution at Huntingdon, Pennsylvania, in retaliation for his favorable settlement of a civil case that he was litigating in Pennsylvania state courts, he received bogus misconducts in October, 2008, and was placed in the Restrictive Housing Unit ("RHU") for almost two years. (Doc. 1, at 2.) He also alleges that he was denied his right to administrative appeals. (Id.)

Presently pending is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19.) For the reasons that follow, the motion will be granted in part and conditionally denied in part and Thomas will be afforded the opportunity to file an amended complaint to cure the deficiencies concerning the retaliation claim.[1]

## I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests."

---

[1] Thomas recently filed an amended complaint (Doc. 34) which will be stricken as it fails to cure the deficiencies concerning the retaliation claim.

2

Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U. S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).

Courts are cautioned that because of this liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted).  However, leave to amend under Rule 15 may be denied in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue

prejudice; or (4) futility of amendment. See Foman, 371 U.S. at 182; see also Arthur v. Maersk, Inc., 434 F.3d 196, 204-05 (3d Cir. 2006) (stating that "leave to amend must generally be granted unless equitable considerations render it otherwise unjust"); see also Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004) (stating "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment") (citations and internal quotation marks omitted); Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000) (summarizing factors to consider under Rule 15).

## II. **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States,

and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Further, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

**A.     Retaliation**

Thomas alleges that defendants retaliated against him following the settlement of his personal injury lawsuit. (Doc. 1, at 2.) The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate

(1) that he was engaged in protected activity; (2) that he suffered an "adverse action" by government officials; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

Other than alleging that defendant Jackson took part in the retaliation by helping to "set him up", Thomas fails to allege that any of the named defendants were personally involved in conduct amounting to a constitutional violation.  He will be afforded the opportunity to amend his complaint to allege personal involvement.  Defendants' motion will be conditionally denied with respect to the retaliation claim.

**B.     Due Process**

Thomas alleges that he was issued "bogus" misconduct reports and that he was denied administrative appeal rights.  (Doc. 1, at 2.)  False misconduct reports and procedural errors in a disciplinary proceeding do not, in and of themselves, trigger protection under the due process clause, even if the inmate receives a disciplinary sanction as a result of the proceedings. Rivera v. Kuhn, No. 1: 10-CV-1260, 2011 WL 917504, at * 3 (M.D. Pa. March 15, 2011) (citing Walthour v. Tennis, No. 3:07-CV-0528, 2008 WL 4414761, at *5 (M.D. Pa.. Sept. 24, 2008)).  Clearly, Thomas fails to state a due process violation and amendment would be futile. Consequently, defendants motion to dismiss will be granted with respect this claim.

**III.    Conclusion**

Based on the foregoing, defendants motion to dismiss (Doc. 19) will be granted in part and denied in part.

An appropriate order follows.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge

Dated:    June 8, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBBIE THOMAS**,                 :    CIVIL ACTION NO. 1:10-CV-1639
                                   :
       **Plaintiff**      :    (Judge Conner)
                                   :
   v.                            :
                                   :
**MR. LT. MCCOY**, et al.,         :
                                   :
       **Defendants**     :

## **ORDER**

AND NOW, this 8th day of June, 2011, upon consideration of defendants' motion to dismiss (Doc. 19), it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 19) is granted in part and conditionally denied in part.

2. The motion is GRANTED with respect to the due process claim.

3. The motion is conditionally DENIED with respect to the retaliation claim.

4. The Clerk of Court is directed to FORWARD to plaintiff a civil rights form complaint.

5. Plaintiff shall FILE an amended complaint, utilizing the enclosed civil rights form, on or before June 29, 2011. No attachments to the form will be accepted by the Court.

6. The amended complaint shall contain the same case number that is already assigned to this action (1:10-CV-1639) and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

7. The timely filing of an amended complaint is a condition of the denial of defendants' motion to dismiss the retaliation claim. Failure to file the amended complaint will result in the court granting the motion on the retaliation claim and dismissal of the complaint in its entirety.

8. Thomas's proposed amended complaint (Doc. 34) is STRICKEN as it fails to cure the deficiencies concerning the retaliation claim.

                S/ Christopher C. Conner
                CHRISTOPHER C. CONNER
                United States District Judge