# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBBIE THOMAS**, | : CIVIL ACTION NO. 1:10-CV-1639 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **MR. LT. MCCOY, et al.**, | : |
| **Defendants** | : |

## **MEMORANDUM**

Robbie Thomas ("plaintiff"), a Pennsylvania State inmate incarcerated at the State Correctional Institution at Mahanoy (SCI-Mahanoy), Frackville, Pennsylvania, originally commenced this civil rights action on August 6, 2010. (Doc. 1.) On June 27, 2011, a Memorandum and Order were issued granting in part and denying in part defendants' motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 40.) Specifically, the motion was granted as to the due process claim, but was conditionally denied with respect to the retaliation claim and plaintiff was afforded the opportunity to file an amended complaint. (Id. at 8.)

Thereafter, plaintiff filed an amended complaint (Doc. 42), naming the following individuals employed at SCI-Mahanoy and the State Correctional Institution at Huntingdon ("SCI-Huntingdon") as defendants: Mr. Lt. McCoy of R.H.U. ; Ms. Connie Green; Mr. Lawler; Ms. Jackson of Medical Records; Deputy Corbin; Major Wakefield; Mr. Mitchell; Supt. John Kerestes; Mr. Nevis, Inmates Account; Cpt. Gavin; Officer Smith; Mr. Murick; and Psychologist Varner.

Presently ripe for disposition is defendants' motion to dismiss the amended complaint. (Doc. 46.) For the reasons set forth below, the motion will be granted.

I. **Allegations of the Amended Complaint**

Plaintiff alleges that, in 2003, while incarcerated at a different state correctional facility, he settled state civil case "#2001-863 filed on SCI-Huntingdon for personal injury's [sic]." (Doc. 42, at 2.) When he was transferred back to SCI-Huntingdon in 2008, however, " '[r]etaliations' [sic] took over by SCI-Huntingdon for once having 'filed' the 'civil action' on them." (Id. at 4.) He states that he was placed "in their 'R[estricted] H[ousing] U[nit]' on '7-16-08' with 'no' write-up' ; then all others came as 'retaliations' by a usage of Ms. Jackson medical records." (Id.) He alleges that "all actions was 'retaliations' and 'instructed' by the superintendents that are personally involved by 'sancting' [sic] the "retaliations" of "RHU time" without "no" write up. . . . " and that all other named defendants were personally involved in retaliations. (Id. at 4-5.)

II. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is

generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Twombly, 550 U.S. 544). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, ---U.S. ---, 129 S.Ct. at 1949 (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of a pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a complaint should not be dismissed with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

### III. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Plaintiff alleges that all defendants retaliated against him because, five years prior to the RHU incident, he settled a state civil action against SCI-Huntingdon. The First Amendment offers protection for a wide variety of expressive activities. See U.S. Const. amend I. These rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. See Turner v. Safley, 482 U.S. 78, 89 (1987). Retaliation for expressive activities can infringe upon an individual's rights under the First Amendment. See Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000). To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate that (1) he was engaged in protected activity; (2) he suffered an "adverse action" by government officials; and (3) there is "a causal link between the

5

exercise of his constitutional rights and the adverse action taken against him." Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah, 229 F.3d at 225).

With respect to defendants Kerestes and Lawler, superintendents of the correctional facilities, it is well-settled that a civil rights claim cannot be premised on a theory of *respondeat superior*. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). To maintain a claim for supervisory liability, plaintiff must show that the supervising official: 1) personally participated in the activity; 2) directed others to violate a person's rights; or 3) had knowledge of and acquiesced in a subordinate's violations. Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). Plaintiff's vague and general allegation that "all actions was (sic) . . . instructed by the superintendents" is patently insufficient. Iqbal, supra.

With respect to the remaining defendants, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to

6

establish personal involvement. Rode, 845 F.2d at 1208. Plaintiff's only allegation of retaliation is that he was placed in the RHU on July 16, 2008, without an accompanying misconduct. He fails to specify how any of the named defendants were affirmatively involved in this incident. He further fails to make any connection between these defendants and show how their conduct was related to the 2003 settlement of his civil action involving SCI-Huntingdon, an event that predates the placement in RHU by five years. He therefore fails to allege that any of the named defendants were personally involved in conduct amounting to a constitutional violation.

As noted above, civil complaints must allege sufficient factual matter to show that a claim is facially plausible. Plaintiff's general allegations do not permit the court to infer even a mere possibility of retaliation and are insufficient to withstand a motion to dismiss.[1]

## V.   Conclusion

Based on the foregoing, defendants' motion to dismiss (Doc. 46) will be granted.

An appropriate order follows.

           S/ Christopher C. Conner
           CHRISTOPHER C. CONNER
           United States District Judge

Dated:      September 22, 2011

---

[1] Because plaintiff was afforded the opportunity to amend his complaint and cure the deficiencies with respect to defendants' lack of personal involvement in retaliatory conduct, and he failed to do so, it would be futile to allow him another opportunity to amend.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBBIE THOMAS**, | : | CIVIL ACTION NO. 1:10-CV-1639 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MR. LT. MCCOY**, et al., | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 22nd day of September 2011, upon consideration of defendants' motion to dismiss (Doc. 46), it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 19) is GRANTED and plaintiff's complaint is DISMISSED in its entirety.

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).


      S/ Christopher C. Conner  
      CHRISTOPHER C. CONNER  
      United States District Judge