# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBBIE THOMAS**, | : CIVIL ACTION NO. 1:10-CV-1639 |
| **Plaintiff** | : (Judge Conner) |
| v. | : |
| **MR. LT. MCCOY**, et al., | : |
| **Defendants** | : |

## ORDER

AND NOW, this 16th day of November, 2011, upon consideration of plaintiff's motions for reconsideration (Docs. 54, 55) of this Court's September 22, 2011 Order (Doc. 53) granting defendants' motion to dismiss and dismissing plaintiff's complaint in its entirety, and it appearing that plaintiff fails to demonstrate one of three major grounds for reconsideration ((1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'")), North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted); see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's

burden.'"), but, rather, simply disagrees with the Court's determination that the complaint lacked sufficient factual matter concerning defendants personally involvement in constitutionally impermissible retaliatory conduct[1], it is hereby ORDERED that plaintiff's motions (Docs. 54, 55) are DENIED. It is further ORDERED that plaintiff's motion for appointment of counsel (Doc. 57) is DENIED.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] "To prevail on a retaliation claim under 42 U.S.C. § 1983, plaintiff must demonstrate that (1) he was engaged in protected activity; (2) he suffered an 'adverse action' by government officials; and (3) there is 'a causal link between the exercise of his constitutional rights and the adverse action taken against him.' Rauser v. Horn, 241 F.3d 330 (3d Cir. 2001) (quoting Allah [v. Seiverling], 229 F.3d [220,] 225 [(3d Cir. 2000)]." (Doc. 53, at 6-7.) As noted in the Court's September 22, 2011 Memorandum and Order, even if plaintiff set forth factual matter sufficient to infer defendants' involvement in his placement in the Restricted Housing Unit ("RHU") in 2008, he still falls short because he failed to include allegations that would lead the Court to draw a reasonable inference that there was a causal link between the 2008 RHU placement (adverse conduct), and the 2003 settlement of his civil action (protected conduct). (Id. at 7.)